FRIEDMAN DUMAS & SPRINGWATER LLP
ELLEN A. FRIEDMAN (S.B. NO. 127684)
M. ELAINE HAMMOND (S.B. NO. 197444)
HILL BLACKETT, III (S.B. NO. 086882)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Proposed Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Hermann Street DE, LLC,<br><br>        Debtor.<br><br>Tax ID: 20-2437706 | Case No. 10-30413 TEC<br><br>Chapter 11<br><br>**MOTION FOR AN ORDER TRANSFERRING RELATED CASES AND AUTHORIZING JOINT ADMINISTRATION**<br><br>[NO HEARING REQUIRED] |

      Hermann Street DE, LLC (the "Debtor" or "Hermann"), debtor and debtor in possession in the above-captioned bankruptcy case, submits this motion for an order transferring related cases to the Honorable Thomas Carlson and providing for joint administration of this case with the contemporaneously filed chapter 11 cases of *In re LRL Citi Properties I DE, LLC*, Case No. 10-30414 ("LRL Citi"), *In re Trophy Properties I DE, LLC*, Case No. 10-30415 ("Trophy"), and *In re Sutter Associates DE, LLC*, Case no. 10-10-30416 ("Sutter") (collectively, the "Related Cases"). Hermann, LRL Citi, Trophy, and Sutter are referred to collectively as the "Debtors." In support of this motion, the Debtor respectfully represents as follows:

{00492107.DOC v 1}       1       MOTION FOR AN ORDER TRANSFERRING RELATED CASES AND AUTHORIZING JOINT ADMINISTRATION JOING ADMINISTRATION

Case: 10-30413   Doc# 3   Filed: 02/09/10   Entered: 02/09/10 16:32:56   Page 1 of 5

# RELIEF REQUESTED

By this Motion, the Debtor seeks an order consolidating the Related Cases before the Court and ordering the joint administration of the Debtor's chapter 11 case with the Related Cases. The largest claim against each of the Debtors is a secured obligation on which they are co-borrowers. This obligation is currently in default. The Debtor requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re<br>Hermann Street DE, LLC, et al<br>Debtors. | Chapter 11<br>Case No. 10-30413 TEC_____<br>Jointly Administered with<br>Case No. 10- 30414,<br>Case No. 10- 30415, and<br>Case No. 10- 30416 |
|---|---|

# BACKGROUND INFORMATION

**The Chapter 11 Filings**

1. On February 8, 2010 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

2. No creditors' committee has yet been appointed in these cases by the United States Trustee. Each of the debtors continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Events Leading to Chapter 11**

3. Collectively, the Debtors own sixteen residential real property buildings located in San Francisco, California (the "Properties").

{00492107.DOC v 1}   2   MOTION FOR AN ORDER TRANSFERRING RELATED CASES AND AUTHORIZING JOINT ADMINISTRATION AND ONGOING ADMINISTRATION

Case: 10-30413   Doc# 3   Filed: 02/09/10   Entered: 02/09/10 16:32:56   Page 2 of 5

4. On June 5, 2007, the Debtors entered into a secured financing agreement with Nomura Credit and Capital ("Nomura") in the original principal amount of $132,430,000, whereby the Properties owned by the Debtors were granted as collateral to Nomura. On the same date, the Debtors and Nomura entered into a loan modification agreement whereby the original note was divided into two notes: "A Note", in the principal amount of $90,000, "B Note", in the principal amount of $25,000,000, and "Mezzanine Note", in the principal amount of $17,430,000. A Note was subsequently transferred to LaSalle Bank, N.A. as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007 LDP11, Commercial Pass-Through Certificates, Series 2007-LDP11 ("LaSalle Bank"). Bank of America, N.A. is the successor by merger of LaSalle Bank. CWCapital Asset Management LLC ("CW Capital") is its special servicer for this financing.

5. The B Note is secured by the Properties and held by Nomura. The Mezzanine Note is also held by Nomura but is not secured by the Debtors' assets.

6. As a result of the national financial crisis in 2009, and its impact on tenancy, recovery of rent, and market valuation of properties, the Debtors failed to provide monthly interest payments to CW Capital on A Note beginning in March 2009.

7. On August 4, 2009, CW Capital filed an action against the Debtors seeking appointment of a receiver and injunctive relief against the Debtors. On September 3, 2009, a receiver, Uecker & Associates ("Receiver"), was appointed for the collection of rents, profits and other income, and operation of the Properties. The Receiver continues in these capacities, and at this time, the Debtors are not seeking removal of the Receiver.

8. On January 10, 2010, a Notice of Trustee's Sale (the "Sale") was issued for the Properties. The Sale is scheduled for February 8, 2010 at 2:00 p.m. at 400 Van Ness Avenue, San Francisco, California.

9. The Debtors are in discussions with a third-party regarding purchase of the A Note from CW Capital. The Debtors requested that the Sale be continued for a short period in order to complete these discussions. However, CW Capital was unwilling to agree

{00492107.DOC v 1} 3 MOTION FOR AN ORDER TRANSFERRING RELATED CASES AND AUTHORIZING JOINT ADMINISTRATION ONGOING ADMINISTRATION

Case: 10-30413   Doc# 3   Filed: 02/09/10   Entered: 02/09/10 16:32:56   Page 3 of 5

to an extension on terms that were acceptable to the Debtors. These cases were filed in order to allow the Debtors additional time to obtain financing and to prohibit the unnecessary erosion of the secured position of Nomura.

## DISCUSSION

Local Bankruptcy 1015-1(c) authorizes the court upon its own motion or the motion of a party in interest to order a case transferred to another judge where the Court determines the cases are related and the transfer will promote efficient administration of the estate. The Debtors submit that transfer is appropriate here as greatest debt of each of the Debtors is their shared, secured obligation to CW Capital. Accordingly, the Debtors request that the Related Cases be assigned to the Honorable Thomas Carlson, the judge assigned to the initial Debtor filed.

Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order a joint administration of the estates. This rule promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See* the Advisory Committee Note to Rule 1015. The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code.

Joint administration will permit the parties to use a single general docket for each of the cases and to combine notices to creditors of the respective estates and to other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearing and orders in these Chapter 11 cases will affect all of the Debtors.

The Debtors have similar creditor matrices. The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and duplicative service upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and unnecessarily burden the estate with additional legal fees and service costs.

The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.

WHEREFORE, the Debtors request that the Related Cases be transferred to the Honorable Thomas Carlson, that the Debtor's Chapter 11 Case and the Related Cases be jointly administered as provided herein, and for such other and further relief as may be appropriate.

Dated: February 9, 2010

Respectfully submitted,

FRIEDMAN DUMAS & SPRINGWATER LLP

By: */s/ M. Elaine Hammond*
M. Elaine Hammond
Proposed Counsel for Debtor

{00492107.DOC v 1}   5   MOTION FOR AN ORDER TRANSFERRING RELATED CASES AND AUTHORIZING JOINT ADMINISTRATION PENDING JOINT ADMINISTRATION

Case: 10-30413   Doc# 3   Filed: 02/09/10   Entered: 02/09/10 16:32:56   Page 5 of 5