FRIEDMAN DUMAS & SPRINGWATER LLP
ELLEN A. FRIEDMAN (S.B. NO. 127684)
M. ELAINE HAMMOND (S.B. NO. 197444)
HILL BLACKETT, III (S.B. NO. 086882)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Proposed Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Hermann Street DE, LLC, et al.,<br><br>Debtors. | Case No. 10-30413 TEC<br><br>Jointly Administered with<br>Case No. 10-30414,<br>Case No. 10-30415, and<br>Case No. 10-30416<br><br>Chapter 11<br><br>MOTION FOR ORDER APPROVING STIPULATION AUTHORIZING RECEIVER<br><br>**Hearing on Shortened Time**<br><br>Date: February 12, 2010<br>Time: 1:45 p.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, Courtroom 23<br>San Francisco, CA<br>Judge: Thomas E. Carlson |

Hermann Street DE, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors")[1], hereby request an order of the Court approving the stipulation between the Debtors and CWCapital Asset Manage LLC ("CW Capital") for authorization of a receiver (the "Stipulation"), pursuant to 11 U.S.C. § 543(d). The

---

[1] The Debtors in these chapter 11 cases are Hermann Street DE, LLC, LRL Citi Properties I DE, LLC, Trophy Properties I DE, LLC, and Sutter Associates DE, LLC.

Stipulation is attached hereto and incorporated herein. In support of the Motion, the Debtors represent as follows:

### Relief Requested

The Debtors request entry of an order approving the Stipulation authorizing the Susan L. Uecker (the "Receiver"), the receiver in possession and responsible for the operation of the Debtors real property prior to the filing of these Chapter 11 cases, to continue as Receiver through April 9, 2010, subject to further extension by written agreement of the parties.

### Background Information

1. On February 8, 2010 (the "Petition Date"), the Debtors filed their voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

2. No creditors' committee has yet been appointed in these cases by the United States Trustee. Each of the Debtors continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Collectively, the Debtors own sixteen residential real property buildings located in San Francisco, California (the "Properties").

4. On June 5, 2007, the Debtors entered into a secured financing agreement with Nomura Credit and Capital ("Nomura") in the original principal amount of $132,430,000, whereby the Properties owned by the Debtors were granted as collateral to Nomura. On the same date, the Debtors and Nomura entered into a loan modification agreement whereby the original note was divided into two notes: "A Note", in the principal amount of $90,000, "B Note", in the principal amount of $25,000,000, and "Mezzanine Note", in the principal amount of $17,430,000. A Note was subsequently transferred to LaSalle Bank, N.A. as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007 LDP11, Commercial Pass-Through Certificates, Series 2007-

1  LDP11 ("LaSalle Bank").  Bank of America, N.A. is the successor by merger of LaSalle
2  Bank. CW Capital is its special servicer for this financing.

3  5.  On August 4, 2009, CW Capital filed an action against the Debtors seeking appointment of a receiver and injunctive relief in the Superior Court of the State of California, County of San Francisco, Case No. CGC-09-491063 (the "State Court Action").

6.  On September 3, 2009, Susan L. Uecker of Uecker & Associates was appointed as receiver ("Receiver") for the collection of rents, profits and other income, and operation of the Properties pursuant to the *Order Appointing Receiver After Hearing and Preliminary Injunction*, entered September 3, 2009, in the State Court Action (the "Receivership Order").  A copy of the Receivership Order is attached as Exhibit A to the Stipulation.

## Argument

Sections 543(a) and (b)(1) of the Bankruptcy Code require a custodian of property of the debtor to turnover such property to the debtor in possession and file an accounting of any proceeds of such property that came into the possession, custody, or control of such custodian.  Section 543(d) further provides that, after notice and hearing, the court may excuse compliance with subsections (a) and (b) "if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property."

The Receiver controlled the Properties since September 3, 2009 in accordance with the Receivership Order.  The parties have stipulated to the Receiver continuing in place for through April 9, 2010.  Such period may be extended by written agreement of the parties. The Receiver's continued operation of the Properties at this time will reduce the immediate disruption of the business operation of the estate's assets and allow for stability in the on-going collection of rents, the primary source of revenue for these Debtors.

WHEREFORE, the Debtors request that the Court enter an order approving the Stipulation authorizing the Receiver to act in accordance with the Receivership Order.

| | | |
|---|---|---|
| Dated: February 12, 2010 | | FRIEDMAN DUMAS & SPRINGWATER LLP |

By: */s/ M. Elaine Hammond*
M. Elaine Hammond
Proposed Counsel for Debtors