1   FRIEDMAN DUMAS & SPRINGWATER LLP
    ELLEN A. FRIEDMAN (S.B. NO. 127684)
2   M. ELAINE HAMMOND (S.B. NO. 197444)
    HILL BLACKETT, III (S.B. NO. 086882)
3   150 Spear Street, Suite 1600
    San Francisco, CA 94105
4   Telephone Number: (415) 834-3800
    Facsimile Number: (415) 834-1044
5
    Proposed Attorneys for Debtors
6

7

8                     UNITED STATES BANKRUPTCY COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12   In re                                   Case No. 10-30413 TEC

13   Hermann Street DE, LLC, et al.,         Jointly Administered with
                               Case No. 10-30414,
14           Debtors.                 Case No. 10-30415, and
                               Case No. 10-30416
15
                               Chapter 11
16
                               STIPULATION AUTHORIZING
17                              RECEIVER

18

19           Hermann Street DE, LLC, LRL Citi Properties I DE, LLC, Trophy Properties I

20   DE, LLC, and Sutter Associates DE, LLC (collectively, the "Debtors"), Debtors and Debtors

21   in possession in the above-captioned jointly administered Chapter 11 cases, and CWCapital

22   Asset Management LLC ("CW Capital") hereby stipulate to the following facts:

23           A.     On February 8, 2010 (the "Petition Date"), the Debtors filed their

24   voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code,

25   11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

26           B.     No creditors' committee has yet been appointed in these cases by the

27   United States Trustee. Each of the Debtors continues to operate its business and manage its

28

{00492436.DOC v 3}                   1              STIPULATION AUTHORIZING RECEIVER

1 property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

2 Code.

3         C.      Collectively, the Debtors own sixteen residential real property buildings

4 located in San Francisco, California (the "Properties").

5         D.      On June 5, 2007, the Debtors entered into a secured financing

6 agreement with Nomura Credit and Capital ("Nomura") in the original principal amount of

7 $132,430,000, whereby the Properties owned by the Debtors were granted as collateral to

8 Nomura. On the same date, the Debtors and Nomura entered into a loan modification

9 agreement whereby the original note was divided into two notes: "A Note", in the principal

10 amount of $90,000, "B Note", in the principal amount of $25,000,000, and "Mezzanine

11 Note", in the principal amount of $17,430,000. A Note was subsequently transferred to

12 LaSalle Bank, N.A. as Trustee for the Registered Holders of J.P. Morgan Chase Commercial

13 Mortgage Securities Trust 2007 LDP11, Commercial Pass-Through Certificates, Series 2007-

14 LDP11 ("LaSalle Bank"). Bank of America, N.A. is the successor by merger of LaSalle

15 Bank. CW Capital is its special servicer for this financing.

16         E.      On August 4, 2009, CW Capital filed an action against the Debtors

17 seeking appointment of a receiver and injunctive relief in the Superior Court of the State of

18 California, County of San Francisco, Case No. CGC-09-491063 (the "State Court Action").

19         F.      On September 3, 2009, Susan L. Uecker of Uecker & Associates was

20 appointed as receiver ("Receiver") for the collection of rents, profits and other income, and

21 operation of the Properties pursuant to the *Order Appointing Receiver After Hearing and*

22 *Preliminary Injunction*, entered September 3, 2009, in the State Court Action, and the

23 subsequent grant of court authority authorizing the Receiver to employ counsel and a

24 management company for the Properties (collectively, the "Receivership Order"). A copy of

25 the Receivership Order is attached hereto as Exhibit A.

26         NOW, therefore, the parties hereby stipulate as follows:

27         1.      Pursuant to Section 543(d) of the Bankruptcy Code, the Receiver shall

28 continue to possess the Properties, to collect rents, profits and other income generated by the

1 | Properties, oversee operation of the Properties, provide for an accounting of such acts, and

2 | perform other rights, duties and obligations in accordance with the "Power of Receiver"

3 | section of the Receivership Order, to the extent that the Receivership Order is not in

4 | contravention of any provision of the Bankruptcy Code, including 11 U.S.C. § 327, through

5 | up to and including April 9, 2010 (the "Initial Period").

6 |       2.     The Initial Period may be extended without further order by written

7 | agreement of the Debtors, CW Capital and the Receiver.

8 |       3.     The Receiver is relieved and excused from all restrictions and property

9 | turnover requirements under 11 U.S.C. §§ 543(a) and (b)(1), and to the extent the automatic

10 | stay of 11 U.S.C. § 362(a) applies, the parties consent to it being modified to allow the

11 | Receiver to continue to act in accordance with the Receivership Order subject to modification

12 | and review by the Superior Court. The Receiver shall perform any and all functions pursuant

13 | to the Receivership Order and, upon ten (10) days written notice to the Debtors, the Receiver

14 | may to the extent required seek any further accommodation or order from the Superior Court

15 | to enable the Receiver to perform such functions pursuant to the Receivership Order. Except

16 | as expressly set forth herein the automatic stay shall not be modified.

17 |       4.     Upon 48 hours notice to the Receiver, representatives of the Debtor

18 | and/or third-parties shall be authorized to make a physical inspection of any of the Properties,

19 | provided that, additional notice may be required for inspection of tenant-occupied space in

20 | accordance with state and local law, rules and regulations.

21 |

22 | Dated: February 12, 2010             FRIEDMAN DUMAS & SPRINGWATER LLP

23 |

24 |                                  By:    /s/ M. Elaine Hammond

25 |                                        M. Elaine Hammond
   |                                      Proposed Counsel for Debtors

26 |

27 |

28 |

Case: 10-30413   Doc# 15   Filed: 02/12/10   Entered: 02/12/10 18:31:50   Page 3 of 4

| | |
|---|---|
| 1 | Dated: February 12, 2010 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |

Dated: February 12, 2010    NIXON PEABODY LLP

By: */s/ Todd C. Toral*
    Todd C. Toral
    Counsel for CWCapital Asset
    Management LLC

The Receiver consents to the Stipulation's proposed continuing obligations.

BUCHALTER NEMER PC

*/s/ Shawn M. Christianson*
Shawn M. Christianson
Counsel for Susan L. Uecker, Receiver

{00492436.DOC v 3}            4    STIPULATION AUTHORIZING RECEIVER

Case: 10-30413  Doc# 15  Filed: 02/12/10  Entered: 02/12/10 18:31:50  Page 4 of 4