FRIEDMAN DUMAS & SPRINGWATER LLP
ELLEN A. FRIEDMAN (S.B. NO. 127684)
M. ELAINE HAMMOND (S.B. NO. 197444)
HILL BLACKETT, III (S.B. NO. 086882)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Proposed Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Hermann Street DE, LLC, et al.,<br><br>Debtors. | Case No. 10-30413 TEC<br><br>Jointly Administered with<br>Case No. 10-30414,<br>Case No. 10-30415, and<br>Case No. 10-30416<br><br>Chapter 11<br><br>**DECLARATION OF ELLEN A. FRIEDMAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF FRIEDMAN DUMAS & SPRINGWATER LLP AS REORGANIZATION COUNSEL FOR DEBTORS**<br><br>[No Hearing Required] |

I, Ellen A. Friedman, declare as follows:

1. I am an attorney at law duly authorized to practice before the courts of the State of California and this Court. I am a partner of the law firm of Friedman Dumas & Springwater LLP ("FD&S"), proposed reorganization counsel for Hermann Street DE, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors")[1]

---

[1] The Debtors in these chapter 11 cases are Hermann Street DE, LLC, LRL Citi Properties I DE, LLC, Trophy Properties I DE, LLC, and Sutter Associates DE, LLC.

{00496234.DOC v 1}  1  FRIEDMAN DECLARATION ISO FDS EMPLOYMENT APPLICATION

in the above-captioned jointly administered cases. I have personal knowledge of the facts set forth in this declaration and if called to testify could and would competently testify thereto.

2. Pursuant to Federal Rule of Bankruptcy Procedure 2014, I make this declaration in support of the application for an order authorizing the retention of FD&S as the Debtor's reorganization counsel.

3. FD&S has extensive experience in the bankruptcy courts in this District; its lawyers having represented debtors, creditors' committees, trustees and creditors in numerous cases. The primary attorneys representing the Debtors in this matter will be myself, Hill Blackett III, and M. Elaine Hammond. I have been a member of the State Bar of California and admitted to practice in the United States District Court for the Northern District of California since 1987. Mr. Blackett has been a member of the State Bar of California since 1979 and admitted to practice in the United States District Court for the Northern District of California since 1980. Ms. Hammond has been a member of the State Bar of California since 1998 and admitted to practice in the United States District Court for the Northern District of California since 2000.

4. The Debtors seek to employ FD&S as their reorganization counsel in these chapter 11 cases. FD&S will render, among others, the following professional services:

(a) Advise the Debtors of their rights, powers and duties as debtors in possession under chapter 11 of the Bankruptcy Code;

(b) Prepare on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents;

(c) Advise the Debtors concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in these chapter 11 cases;

(d) Review the nature and validity of any liens asserted against the Debtors' property, and advise the Debtors regarding the enforceability of such liens;

(e) Advise the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of the estate;

(f) Advise the Debtors in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents;

(g) Advise and assist the Debtors in connection with asset dispositions, including any sale of all or part of the Debtors' assets pursuant to Bankruptcy Code § 363;

(h) Advise the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estate;

(i) Commence and conduct litigation necessary or appropriate to assert rights held by the Debtors, protect assets of the Debtors' estate, or otherwise further the goal of completing the Debtors' successful reorganization; and

(j) Perform all other necessary or appropriate legal services in connection with this chapter 11 case for or on behalf of the Debtors.

5. To the best of the my knowledge, except as set forth below, FD&S has no connection with the Debtors, the creditors, the United States Trustee, any other party in interest in this case, and their respective attorneys and accountants.

6. FD&S currently represents three individuals, David Raynal, Billie Salevouris, and Ralph Dayan, and their respective family trusts, in matters related to their obligations as guarantors of certain non-debtor affiliates of the Debtors. None of these individuals or trusts is a guarantor of the Debtors' obligations and FD&S's representation of these individuals is wholly unrelated to the Debtors.

7. David Raynal is a Director of Debtors Hermann Street DE, LLC ("Hermann"), LRL Citi Properties I DE, LLC ("LRL Citi"), and Sutter Associates DE, LLC ("Sutter"). He also holds the following equity interests:

- 32.85% owner of Hermann Street, LLC. Hermann Street, LLC is the 100% owner of Hermann Street Mezz DE, LLC, which is the 100% owner of Hermann.

- 33.333% owner of Citi Properties I, LLC. LRL Citi Properties I, LLC is the 100% owner of LRL Citi Properties I Mezz DE, LLC, which is the 100% owner of LRL Citi.
- 32.85% owner of Sutter Associates, LLC. Sutter Associates, LLC is the 100% owner of Sutter Associates Mezz DE, LLC, which is the 100% owner of Sutter.

8. FD&S does not, and will not, represent Mr. Raynal in any matter related to his equity interests in the Debtors. FD&S has obtained written waivers of any potential conflicts relating to Mr. Raynal's interests from Mr. Raynal and the Debtors.

9. Billie Salevouris received payments from Trophy Properties I DE, LLC within the year prior to its bankruptcy filing. FD&S does not, and will not, represent Ms. Salevouris in any matter related to these payments. FD&S has obtained written waivers of any potential conflicts relating to such payments from Ms. Salevouris and the Debtors.

10. If necessary, the Debtors will obtain conflicts counsel for any matters in which the Debtors' interests may be adverse to the interests of Mr. Raynal and Ms. Salevouris.

11. Additionally, prior to undertaking the retention, I directed that a conflicts search be performed of all of the persons and entities who the Debtors identified as interested parties. The results of that search disclosed that the firm has in the past represented and currently represents one of the Debtors' utility providers, Pacific Gas and Electric Company ("PG&E"), in matters wholly unrelated to the Debtors. No other representations of parties holding adverse interests to the estate were disclosed through the search, nor do I have any personal knowledge of any such adverse connections. I will supplement this firm's disclosures promptly upon learning of any such connections.

12. In February 2010, the Debtors retained FD&S to assist it in connection with chapter 11 filings by the Debtors and a restructuring of the Debtors' obligations. FD&S received the following payments towards a retainer:

| Date | Amount | Source of Funds |
|---|---|---|
| February 5, 2010 | $70,000 | David Raynal |
| February 8, 2010 | $100,000 | David Raynal |
| February 8, 2010 | $30,000 | Citi Funding Group |

Citi Funding Group is a non-debtor affiliate of the Debtors. From the retainer FD&S was paid $26,050. It presently holds a retainer balance of $173,950 to be applied towards fees awarded pursuant to Bankruptcy Code § 330.

13. Based upon the foregoing, I believe that FD&S does not hold or represent an interest adverse to the Debtors or the Debtors' bankruptcy estates and is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14), such that, to the best of my knowledge, information and belief, FD&S, its members, counsel, and associates (i) are not or were not a creditor, an equity security holder, or an insider of the Debtor; (ii) are not or were not, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor; and (iii) do not have an interest materially adverse to the interest of the estate or of any class or creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in the Debtors for any other reason.

14. The Debtors have agreed to pay FD&S its standard hourly rates, and to reimburse it for its expenses incurred, as limited by and consistent with B.L.R. 9029-1, Guidelines 19-24, and 27-40, all being subject to approval by the Bankruptcy Court, on notice as provided in the Bankruptcy Code. The principal attorneys and paralegals presently designated to represent the Debtors in these cases and their current standard hourly rates are set forth below:

| | | |
|---|---|---|
| Ellen A. Friedman | $530 | |
| Hill Blackett, III | $480 | |
| M. Elaine Hammond | $430 | |
| Katherine G. Hollander | $200 | (Paralegal) |

15. Other attorneys and paralegals may from time to time perform services for the Debtors in connection with the matters described herein. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. The hourly rates for the other professionals not identified in this Application will be within the ranges of the rates noted above.

16. It is FD&S' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, long distance telephone charges, facsimile charges, mail and express mail charges, special or hand delivery charges, photocopying charges, computerized research, and transcription costs, as well as allowable non-ordinary overhead expenses. FDS will charge for these expenses in a manner and at rates consistent with charges made generally to other clients of FD&S, as limited by and consistent with B.L.R. 9029-1, Guidelines 19-24, and 27-40.

17. FD&S intends to apply to the court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this bankruptcy case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any local rules for this district, the guidelines of the Office of the United States Trustee, and the orders of this Court.

18. Regardless of the time and manner of interim compensation, FD&S understands that, subject to this Court's orders, FD&S will be required to follow the procedures for final allowance of fees at the end of the bankruptcy case, or the conclusion of its representation of the bankruptcy estate, under Bankruptcy Code § 330.

19. FD&S has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

20. Other than as set forth above, no arrangement is proposed between FD&S and the Debtors, any creditor, or other party in interest for compensation to be paid in this case. Except for arrangements among the members of FD&S and as permitted under Bankruptcy Code § 504(b)(1), FD&S has no agreement with any other entity to share any compensation received, nor will any sharing be made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed March 1, 2010 at San Francisco, California.

/s/ *Ellen A. Friedman*
Ellen A. Friedman